UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALYCE NEVINS | § <br> § <br> §    C.A. NO. 17-475 <br> § <br> § <br> § <br> § |
| VS. | |
| UNITED STATES POSTAL SERVICE AND UNITED STATES OF AMERICA | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, Alyce Nevins, complaining of Defendants, United States Postal Service and United States of America, and respectfully shows the Court as follows:

### I.
### PRELIMINARY STATEMENT

This lawsuit arises out of a motor vehicle accident that occurred between the Plaintiff, Alyce Nivens and Kaycee Peterson, an employee of the United States Postal Service, who at the time of the accident while in the course and scope of employment was driving a motor vehicle owned by the Defendant United States Postal Service.

### II.
### PARTIES

1. Plaintiff, Alyce Nevins, is an individual who resides in Kyle, Hays County, Texas.

2. Defendant, United States of America, pursuant to Federal Rules of Civ. Proc., Rule 4(i)(1)(A)(I), may be served by delivering a copy of the summons and of the complaint to Richard L. Durbin, Jr., the United States Attorney for the Western

1

District of Texas at 816 Congress Avenue, Suite 1000. Austin, Texas 78701.

3.   Defendant, United States Of America, pursuant to Federal Rules of Civ. Proc., Rule 4 (I) (1) (B) parties must also send a copy of the summons and of the complaint by registered mail or certified mail to Jeff Sessions, Unites States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

4.   Defendant, United States Postal Service is a governmental agency and pursuant to Federal Rules of Civ. Procl., Rule 4 (I) (2) may be served by sending a copy of the summons and of the complaint by registered mail or certified mail to Thomas J. Marshall, General Counsel, 475 L'Enfant Plaza, NW Washington, D.C., 20590.

## III.
## JURISDICTION AND VENUE

4.   The Court has jurisdiction over the subject matter and all parties herein. The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1983, 1985, and 28 U.S.C. § 2671-2680 as this is a civil action arising under the Constitution and laws of the United States as well as claims made under the Federal Tort Claims Act. All conditions precedent have been met.

## IV.
## FACTS

6.   Kaycee Peterson is an employee of the Defendant, United States Postal Service, and was in the course and scope of employment and operating a vehicle owned by Defendant United States Postal Service, Peterson's employer, during the course of normal business hours and for the purpose of completing a task of this employment as

required by her employer traveling on South Congress street in Travis County, Texas, failed to yield the right of way turning left, was inattentive and collided with Plaintiff's vehicle.

7. Kaycee Peterson, is a member of Defendant, United States Postal Service, was in the course and scope of her employment and was driving a vehicle owned by Defendant, United States Postal Service, an agency of the United States of America.

8. As a result of this incident, Plaintiff suffered serious and permanent personal injuries.

## V.
## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9. Defendant United States Postal Service is an independent agency of the federal government, suit against which is governed by the Federal Tort Claims Act. Plaintiff's full claim and demand was sent to USPS for evaluation on June 20, 2016, and was not finally resolved or adjudicated by December 20, 2016. Therefore, Plaintiff has complied with the pre-suit requirements of the FTCA.

## VI.
## CAUSES OF ACTION

### **COUNT 1: NEGLIGENCE OF Kaycee Peterson**

10. Kaycee Peterson, had a duty to exercise ordinary care and operate her vehicle reasonably and prudently.

11. Kaycee Peterson, breached the duty of care by (1) failing to timely apply the brakes; (2) failing to control her speed; (3) failing to maintain a proper look-out; (4)

failing to yield the right of way turning left; and (5) failing to turn her vehicle to avoid the collision.

**COUNT 2: NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT**

12. Plaintiff brings this claim for negligence against the United States Postal Service, an agency of the United States of America, under the Federal Tort Claims Act, 28 U.S.C. § 2674.

13. Defendant, United States Postal Service entrusted its vehicle to Kaycee Peterson. Kaycee Peterson was an incompetent and reckless driver. Defendant knew or should have known that Kaycee Peterson was incompetent and reckless.

14. Kaycee Peterson was negligent at the time of Plaintiff's injury. Kaycee Peterson failed to control her speed and failed to yield the right of way turning left causing her vehicle to collide with Plaintiff's car causing serious and permanent injuries to Plaintiff.

15. Defendant, United States Postal Service, had a legal duty to hire, supervise, train and retain competent employees. An employer has a legal duty to use ordinary care in hiring employees, in supervising its employees, in retaining its employees and training its employees and a duty to use reasonable care to prevent an employee from causing an unreasonable risk of harm to others when, because of the employee's incapacity, the employer exercised control over the employee.

16. Defendant, United States Postal Service, breached the duty to hire, supervise, train and retain competent employees when they hired, supervised, trained and retained Kaycee Peterson. United States Postal Service knew or should have known

that Kaycee Peterson was incompetent and unsafe driver. 17. Moreover, Plaintiff would show that Defendant, United States Postal Service, is vicariously liable for the acts and/or omissions of Kaycee Peterson pursuant to the theory of *respondeat superior*.

## VIII.
## DAMAGES TO PLAINTIFF

18. As a result of the acts and/or omissions of Defendant, United States Postal Service, Plaintiff, Alyce Nevins, has endured pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, interference with her daily activities, and a reduced capacity to enjoy life in the past and, in all likelihood, into the future as a result of her injuries.

19. As a result of the acts and/or omissions of Defendant, Plaintiff has become obligated to pay reasonable and necessary medical expenses in the past and, in all likelihood, will into the future as a result of her injuries.

20. As a result of the acts and/or omissions of Defendant, Plaintiff has suffered lost wages in the past, and diminished earning capacity into the future, as a result of her injuries.

21. The above and foregoing acts and/or omissions of Defendant, resulting in the serious injuries of Plaintiff, have caused actual damages to Plaintiff.

## IX.
## PRAYER

22. For these reasons, Plaintiff ask that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

a. Actual damages;

b. Exemplary damages;

c. Prejudgment and postjudgment interest;

d. Court costs; and

e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**CARRIGAN, MCCLOSKEY & ROBERSON, L.P.**

By:   /s/ Mark Carrigan
Mark Carrigan
Federal Bar No. 4999
State Bar No. 03875200
945 Heights Blvd.
Houston, Texas 77009
713-868-5581- Telephone
713-868-1275 - Facsimile
mcarrrigan@cmrllp.com

**ATTORNEY FOR PLAINTIFF**